# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Criminal Case No. 2:22cr00022 |
| v. | ) | |
| | ) | **REPORT AND** |
| **TYLER LEE WESTMORELAND,** | ) | **RECOMMENDATION** |
| Defendant | ) | |

### I.  Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II. Facts

The defendant has been charged in a two-count Information. On November 10, 2022, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Information, charging him with conspiracy to distribute and/or possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and Count Two of the Information, charging him with using or maintaining a place for the purpose of distributing and using any controlled substance, in violation of 21 U.S.C. §§ 856(a)(1) and 856(b).

–1–

At this hearing, the defendant was placed under oath and testified that he is 24 years old and that he completed high school and attended some college. The defendant testified that he reads and writes the English language. The defendant testified that he had a serious substance abuse history, including the use of methamphetamine and marijuana up until the time of his arrest on federal charges on October 25, 2022. The defendant testified that he previously had received inpatient substance abuse treatment in 2018 and was diagnosed with drug induced schizophrenia. The defendant testified that he no longer suffered from drug induced schizophrenia, and he was seeking no mental health treatment at the time of his arrest. The defendant stated that he had not abused controlled substances since his arrest and incarceration on October 25, 2022, and that his recent substance abuse, and/or the lack of treatment, did not affect his current ability to make decisions in his best interest, or his ability to understand the nature of the proceedings or the consequences of pleading guilty to the charges he faced. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the two-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information. He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his pleas. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his pleas are accepted, he will be adjudged guilty of the offenses and that these adjudications may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offenses with which he is charged include a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which he is charged. In particular, the defendant stated that he understood that one of the offenses to which he was pleading guilty carried a mandatory minimum sentence of 5 years' imprisonment. The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty pleas are accepted:

i. The right to plead not guilty to any offense charged against him;
ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
iii. The right of assistance of counsel;
iv. The right to see, hear and cross-examine witnesses;
v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his pleas of guilty to Count One and Count Two of the Information.

The Government presented the following evidence regarding the offense with which the defendant is charged:

> Tyler Westmoreland participated in a conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in the Western District of Virginia with Michael White and others from on or about August 1, 2021, to on or about October 25, 2022.

Tyler and his mother, Tiny, used and maintained the residences at 2512 Orr Street and 2505 Orr Street, Big Stone Gap, Virginia, for the purpose of using and distributing methamphetamine. Tyler stated that he allowed other members of the conspiracy, including White, to reside at and distribute methamphetamine from these residences in exchange for methamphetamines and other drugs.

Tyler was interviewed and admitted there were occasions when Tyler was the middleman between White and those who purchased methamphetamine from White. Tyler would collect the money from the purchasers, deliver the money to White, collect the methamphetamine from White, and deliver the methamphetamine to the purchaser. These purchases took place at the Orr Street residences.

Facebook messages and other witnesses corroborate Tyler's involvement in the conspiracy.

Witnesses' statements established that the conspiracy involved and it was reasonably foreseeable to Tyler that the conspiracy involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;
2. The defendant is aware of the nature of the charges and the consequences of his pleas;
3. The defendant knowingly and voluntarily entered pleas of guilty

to Count One and Count Two of the Information; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's pleas of guilty to Count One and Count Two of the Information and adjudge him guilty of those offenses.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion

of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:	This 14th day of November, 2022.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE